Keith Beauchamp (012434)
Nathan J. Kunz (024819)
Malvika A. Sinha (038046)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
Phone: (602) 224-0999
Fax: (602) 224-6020
kbeauchamp@cblawyers.com
nkunz@cblawyers.com
msinha@cblawyers.com

*Attorneys for Blue Cross and
Blue Shield of Arizona, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| PHI Health, LLC, <br><br> Petitioner, <br><br> v. <br><br> Blue Cross and Blue Shield of Arizona, Inc., <br><br> Respondent. | No. 2:23-CV-02001-MTL <br><br> **MOTION TO DISMISS APPLICATION TO CONFIRM IDR AWARDS** |

Blue Cross and Blue Shield of Arizona, Inc. ("BCBSAZ") moves to dismiss the Application to Confirm IDR Awards (Doc. 1) ("Application") submitted by PHI Health, LLC ("PHI") under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because PHI lacks statutory standing to seek confirmation under Section 9 of the Federal Arbitration Act, did not meet its burden to show this Court has subject matter jurisdiction and lacks standing to confirm 17 of it 21 IDR awards. Based on the first ground, BCBSAZ asks the Court to dismiss PHI's Application with prejudice.

# Memorandum of Points and Authorities

## I. Background

After BCBSAZ terminated its contract with PHI, the No Suprises Act controlled what PHI could be paid for flying BCBSAZ' members. The NSA provides a dispute resolution mechanism if the parties cannot agree on rates, referred to as the Independent Dispute Resolution ("IDR") process.

PHI submitted multiple claims to the IDR process. It won some, and BCBSAZ won some. When BCBSAZ did not pay these IDR awards as quickly as it wanted, it brought this action to confirm those IDR awards under Section 9 of the FAA.

In reality, BCBSAZ had already paid seven of the 21 before PHI filed this action and another nine immediately after it did. *See* Decl. of Robin Smith (Doc. 15) ¶ 7.

## II. Argument

### A. PHI lacks standing to seek confirmation under Section 9, which does not create substantive right to confirmation, but only a procedure for parties who "agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration"

"Whether or not a plaintiff has stated a basis for statutory standing is tested under Rule 12(b)(6)." *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The issue is whether the party, in relying on that statute, stated a claim for relief. *See Utne v. Home Depot U.S.A., Inc.*, 16-CV-01854-RS, 2022 WL 2954330, at *2 (N.D. Cal. July 26, 2022).

Section 9 of the FAA, under which PHI moves, establishes the venue and procedure to confirm arbitration awards, but ***only*** where the parties already have an agreement giving them the right to have a court enter judgment on an award: "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." *See* 9 U.S.C. § 9. Without this, Section 9 is useless to a party, as this Circuit and several others have held. *See Com. Enters. v. Liberty Mut. Ins. Co.*, 958 F.2d 376 (9th Cir. 1992) ("[C]onfirmation of an arbitration award is appropriate only where the parties

'in their agreement have agreed that a judgment of the court shall be entered upon the award.'"); *Qorvis Commc'ns, LLC v. Wilson*, 549 F.3d 303, 308 (4th Cir. 2008) ("[C]ourts must undertake enforcement of arbitration awards 'so long as the parties contemplated judicial enforcement.'") (quoting *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 n.6 (2008)); *Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 795 (10th Cir. 1991) ("Section 9 requires some manifestation of the agreement to have judgment entered in the contract itself."); *Raymond James Fin. Services, Inc. v. Boucher*, 322CV01658JAHBGS, 2023 WL 6966074, at *2 (S.D. Cal. Oct. 20, 2023) ("Accordingly, to establish a claim to confirm an arbitration award, the agreement must contain language evidencing the parties agreed to judicial enforcement of the arbitration award.").

PHI's motion must be dismissed because it fails to even allege that BCBSAZ and PHI had an agreement to arbitrate, much less an agreement to have a court enter judgment on an arbitration award. Even assuming that the NSA created a quasi-contractual relationship between BCBSAZ and PHI, the result would be the same because the NSA also does not contemplate judicial confirmation of IDR awards.

Instead, the Centers for Medicare & Medicaid Services ("CMS") has sole responsibility to enforce provisions of the amended PHS Act covering air ambulance services, as it explained to Governor of Arizona and the state officials in its February 2022 CAA Enforcement Letter regarding Arizona's implementation of the PHS Act and delineating areas of state-enforcement as opposed to CMS-enforcement. [1] *See* Feb. 23, 2022, Ltr. from CMS to Gov. Ducey and State of Arizona health officials, at https://www.cms.gov/files/document/caa-enforcement-letters-arizona.pdf at 2. The CMS added it would be responsible specifically for "enforc[ing] the outcome of the federal independent dispute resolution process for such cases in Arizona." *Id.* at 5.

---

[1] The NSA was part of the Consolidated Appropriations Act of 2021 ("CAA") and amended the Public Health Services Act ("PHS Act").

3

PHI and BCBSAZ have no agreement at all—not one to arbitrate, and not one to have a court enter judgment on their arbitration award. Accordingly, Section 9 of the FAA does not apply, and PHI's Application under Section 9 must be denied.

### B.   PHI did not meet is burden to show subject matter jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 373, 377 (1994) (citations omitted). The Court must also confirm that subject matter jurisdiction exists over a petition for confirmation of an arbitration award. *LG Elecs. MobileComm U.S.A., Inc. v. Reliance Communications, LLC*, 18-CV-0250-BAS-RBB, 2018 WL 2059559, at *4 (S.D. Cal. May 3, 2018).

Congress created two categories of subject matter jurisdiction for federal courts. Federal-question jurisdiction "provide[s] a federal forum for plaintiffs who seek to vindicate federal rights" in "civil actions that arise under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, (2005) (citing 28 U.S.C. § 1331). Diversity jurisdiction "provide[s] a neutral forum . . . in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens" where the amount in controversy exceeds $75,000. *Id*. (citing 28 U.S.C. § 1332).

PHI claims both federal question and diversity jurisdiction exist for its Application. *Id.* ¶¶ 2-3. A federal court may entertain an action brought under the FAA only if the action has an "independent jurisdictional basis." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). That means an applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring "access to a federal forum." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009). Last year, the

4

Supreme Court held that federal jurisdiction for moving to confirm an arbitration award under Section 9 of the FAA must be established in "the face of the application itself." *Badgerow v. Walters*, 596 U.S. 1, 5 (2022). Because PHI fails to do that here, its Application must be dismissed.

### 1. PHI's allegations about diversity jurisdiction are plainly deficient

Diversity jurisdiction requires the parties to be citizens of different states and have an amount in controversy above $75,000. *See Exxon Mobil*, 545 U.S. at 552. Under *Badgerow*, PHI's Application to "confirm (under Section 9) must show both complete diversity of citizenship among the "contending parties" *and* that the "amount in controversy" exceeds $75,000. 142 S. Ct. at 1316-17 (citing 28 U.S.C. § 1332).

PHI correctly identifies, that an LLC, it is a citizen of every state where its members are citizens: "PHI is Louisiana limited liability company with its principal place of business located in Phoenix, Maricopa County, Arizona. PHI has two members, PHI Corporate, LLC , a Delaware limited liability company and AM Equity, a Louisiana limited liability company." Appl. at 2. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

> Because PHI's members are also LLCs, their citizenship depends on their members, and so and so forth until you finally reach a natural person.
>
> Because Defendants have not identified the members of BCORE Canyon Parent LLC, the court cannot determine whether Defendants have properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship. . . . To be very clear: Defendants must identify all of the members/owners of BCORE Canyon Parent LLC. *Johnson*, 437 F.3d at 899. They must then establish the citizenship of all of those members/owners. *Id.* If any of those members/owners are themselves corporate entities, Defendants must repeat this process again, over and over, as many times as is necessary to properly establish subject matter jurisdiction, and using the appropriate test for corporate citizenship at every step of the way. At no point does LLC corporate citizenship depend on state of incorporation, principal place of business, or any other test. Rather, it depends on the citizenship of the owners and members. *Id.*

5

*Norwood v. HPA Borrower 2018-1 LLC*, C21-5843JLR, 2021 WL 5816323, at *2 (W.D. Wash. Dec. 7, 2021). Because the plaintiff did not sufficiently allege jurisdiction, the complaint was dismissed without prejudice. PHI's Application should also be dismissed.

      **2.     The Application does not raise a federal question because PHI is not asking for relief based on federal law.**

Although the FAA permits a party to move for an order confirming an arbitration award, *see* 9 U.S.C. § 9, the FAA "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." See *Hall Street*, 552 U.S. at 581–582; *Vaden*, 556 U.S., at 59 ("Were it otherwise, every arbitration in the country, however distant from federal concerns, could wind up in federal district court."). PHI must establish federal question jurisdiction based on some other law.

PHI tries to rely on the NSA: "this dispute arises from Respondent's breach of its obligations under the [NSA]." Appl. ¶ 3. But PHI is not asking this Court to decide anything under the NSA—it is simply asking it to enter a stack of arbitration awards that could have been from anywhere. Once reduced to an award, the nature of the underlying action does not matter. "An unconfirmed [arbitration] award is a contract right that may be used as the basis for a cause of action." *Oteeva, L.P. v. X-Concepts, L.L.C.*, CV 06-1896-PHX-EHC, 2008 WL 11447926, at *9 (D. Ariz. Mar. 28, 2008) (citing *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984)). Confirmation essentially interprets the award, and that interpretation is ordinarily a matter of state law. *DIRECTV, Inc. v. Imburgia*, 577 U.S. 47, 54 (2015). Because contractual rights are "generally governed by state law", actions related to the enforcement of "arbitration awards already made" are largely left to the state courts. *Badgerow*, 142 S. Ct. at 1321-1322. (internal quotations omitted).

PHI has not identified any federal question its Application has posed.

6

### C.     Lacks standing to confirm 17 of the 21 IDR awards

"Motions to dismiss for lack of Article III standing are properly brought under Federal Rule of Civil Procedure 12(b)(1)." *Hart v. Kennedy*, CV-19-08111-PCT-GMS, 2019 WL 3767005, at *1 (D. Ariz. Aug. 9, 2019) (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1066 (9th Cir. 2011). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at *2 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000)).

"Mootness is 'standing set in a time frame.' 'The doctrine of standing generally assesses whether that interest exists at the outset, while the doctrine of mootness considers whether it exists throughout the proceedings.'" *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 67 (2d Cir. 2023) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997)).

A petition to confirm an arbitration award becomes moot if the award(s) are already satisfied. *See Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 68 (2d Cir. 2023) ("Although Stafford had standing when she filed her petition to confirm (before the award had been satisfied), the petition is moot because she now lacks any 'concrete interest' in confirmation.").

Here, 17 of PHI's 21 IDR awards have been fully satisfied. Smith Decl. ¶ 7. PHI no longer has a concrete interest in their confirmation, and thus, lack standing to pursue that confirmation.

### III.    Conclusion

PHI lacks statutory standing to bring this Application, failed to meet its burden to show subject matter jurisdiction, and lack standing for 17 of its 21 IDR awards. The first issue, however, suffices to dismiss the entire Application with prejudice.

7

## IV. Certificate of Cosultation

Before filing this motion, undersigned counsel sent PHI's counsel an email outlining the arguments, and including citations to cases. The parties did not agree to cure the Application by amendment.

RESPECTFULLY SUBMITTED this 17th day of November, 2023.

**COPPERSMITH BROCKELMAN PLC**

By /s/ *Nathan J. Kunz*
Keith Beauchamp
Nathan J. Kunz
Malvika A. Sinha

*Attorneys for Blue Cross and Blue Shield of Arizona, Inc.*